Abraham (teller, J.
By this coram nobis application defendant seeks to be resenteneed nunc pro tunc so that he may now file a timely notice of appeal from his 1952 conviction. The basis for the relief sought is that, during the 30-day period- following his conviction, he asked a friend to speak to his court-assigned counsel “ about an appeal ” and that she was told that “ there was very little chance of success in the matter.” No appeal was then taken.
*987 Defendant is obviously endeavoring to make this belated claim in reliance upon recent decisions holding that such relief may be granted where a defendant is prevented from complying with the statutory requirements for taking an appeal; such as People v. Hill (8 N Y 2d 935) where the ground was insanity during the statutory period for an appeal, and People v. Hairston (10 N Y 2d 92) where prison authorities prevented the taking of an appeal. In the Fourth Department it has been held (People v. Coe, 16 A D 2d 876) that an appeal may be deemed to have been “prevented” by act of assigned counsel in allegedly misinforming defendant that appeal was impossible because of lack of funds for trial transcript and printing of record. However, in the Second Department it has been held that failure to file a notice of appeal as allegedly agreed either by retained counsel (People v. Marchese, 19 A D 2d 728) or by court-appointed trial counsel, who for such purposes should be regarded as in effect retained counsel (People v. Kling, 19 A D 2d 750), is not a sufficient ground to warrant extraordinary relief amounting to an extension of time to appeal.
The ground here asserted, even assuming the truth thereof, falls far short of an act preventing the taking of an appeal. The functions of counsel assigned by the trial court terminate with the rendition of judgment and do not extend to the appeal process, for which the appellate court alone is empowered to assign counsel. There is no duty devolved upon the former with reference to an appeal.
Moreover, the claim here is merely that defendant sought assigned counsel’s opinion as to his chances on appeal. An opinion expressed by counsel cannot be deemed to be an act preventing the taking of an appeal. The fact is that it was defendant who thereafter decided not to file a notice of appeal. Indeed, defendant has made no showing whatsoever on this application that the opinion expressed was erroneous or that there is any chance of success on appeal. The court’s power to excuse failure to file notice of appeal is at best narrowly circumscribed. But in the absence of a showing of error there is not the slightest foundation for ascribing any wrongful quality to counsel’s act or for permitting an appeal to be taken after the statutory period has expired.
The Legislature has expressly provided that the courts shall not have power to extend the time to appeal. The door to such relief should not be opened in the guise of a resentence nunc pro time unless it is clearly shown that defendant was prevented from taking an appeal during the statutory period through *988 legal incapacity or some wrongful act attributable to the State or to the court.
The ground here claimed could in all probability be asserted by the vast majority of defendants convicted after trial of serious crimes. It may reasonably be assumed that practically all such defendants would inquire of their trial counsel as to their chances on appeal and that those who failed to appeal in all the years gone by could make a similar contention. The fact that trial counsel, retained or assigned, may have given in any such case a negative or pessimistic opinion cannot be deemed a prevention of the taking of an appeal warranting relief in effect of an extension of time to appeal (and surely not in the absence of specific showing of plain reversible error on the trial).
The application is accordingly denied.