■ ENZO PALMENTOLA, Respondent, v. BEN MORRELL, Appellant.— In an action to establish a partnership and to recover damages for breach of an alleged partnership agreement, defendant appeals from an order of the Supreme Court, Queens County, dated April 13, 1964, which granted plaintiff's motion and which appointed a temporary receiver of the property, assets, rights and obligations of said partnership. Order reversed, with $10 costs and disbursements; and plaintiff's motion for a temporary receiver denied. Special Term found that the business would not be jeopardized if a receiver were not appointed. In view of such finding, with which we agree, there was no justification for the appointment of a receiver. The issue as to whether there was in fact a partnership must await determination on the basis of all the proof to be adduced upon a plenary trial. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE H. BARSEY, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Dutchess County, dated September 27, 1963, which denied without a hearing his application to vacate a judgment of said court rendered March 30, 1962 after a jury trial, convicting him of burglary in the first degree and assault in the second degree, and imposing sentence upon him as a third felony offender. Order reversed and proceeding remitted to the County Court, Dutchess County, for the purposes of: (a) holding a hearing limited to the question of whether the defendant's failure to serve and file a timely notice of appeal was attributable to any breach of promise on the part of his court-assigned trial counsel, or to any act or omission on the part of the prison authorities, or to the conduct of both the attorney and the prison authorities; and (b) making a determination *de novo* on the basis of the proof adduced upon such hearing. Under the circumstances here, a hearing should be held for the purposes stated. Whether defendant is entitled to any relief must necessarily depend upon the proof to be adduced (cf. *People* v. *Kling*, 19 A D 2d 750, affd. 14 N Y 2d 571; *People* v. *Marchese*, 19 A D 2d 728, affd. 14 N Y 2d 695; *People* v. *Adams*, 12 N Y 2d 417; *People* v. *Hairston*, 10 N Y 2d 92; *People* v. *Bjornsen*, 40 Misc 2d 986). Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.