■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GRIMALDI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered July 29, 1964, which denied after a hearing his application to vacate a judgment of the former County Court, Kings County, rendered February 8, 1954, convicting him of robbery and grand larceny (both in the first degree) and of assault in the second degree, upon a jury verdict, and imposing sentence. Order reversed on the law and proceeding remitted to the Supreme Court, Kings County, for the purpose of: (a) holding a hearing *de novo,* before a Judge other than the one who presided at defendant's sentence in 1954, on the question as to whether defendant's failure to file a timely notice of appeal was attributable to any act or omission on the part of the trial court and/or any statement or conduct on the part of defendant's assigned trial counsel; and (b) making a determination *de novo* on the basis of the proof adduced upon such hearing. In our opinion, absent proof on defendant's claim that his failure to file a timely notice of appeal was attributable to an omission on the part of the trial court, this issue was properly not considered by the court below. However, in view of the fact that defendant made this claim in his petition, we are also of the opinion that the interests of justice would be served if the entire question were determined at a hearing *de novo* as indicated. Whether defendant is entitled to any relief must necessarily depend upon the proof adduced (cf., *People* v. *Bjornsen,* 40 Misc 2d 986, affd. 21 A D 2d 978; *People* v. *Barsey,* 21 A D 2d 828; *People* v. *Kalan,* 2 N Y 2d 278; *Douglas* v. *California,* 372 U. S. 353; *Pate* v. *Holman,* 341 F. 2d 764). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES RAINEY, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered October 2, 1963, which denied without a hearing defendant's application to vacate a judgment of the former County Court, Kings County, rendered February 7, 1952, convicting him of robbery in the first degree, on his plea of guilty, and imposing sentence upon him as a third felony offender. Order affirmed. In our opinion, the 1937 Illinois conviction, which would have constituted a felony if committed in New York, was properly considered in sentencing defendant as a third felony offender (*People* v. *Olah,* 300 N. Y. 96; Penal Law, § 1941). However, defendant is not precluded from making such application as he may be advised, based on his claim of the unconstitutionality of the Illinois conviction upon proper papers (*People* v. *Cornish,* 21 A D 2d 280, 285; *People* v. *Wimberly,* 23 A D 2d 684). While at the time the instant application was made there was no State remedy for challenging the constitutionaliy of a prior out-of-State conviction, the amendment to section 1943 of the Penal Law, effective April 10, 1964, retroactively provided a State remedy therefor (*People* v. *Machado,* 17 N Y 2d 440). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.