**UNITED STATES of America ex rel. Oscar BJORNSEN, Petitioner-Appellant,**

**v.**

**Honorable J. Edwin LaVALLEE, Warden of Auburn State Prison, Auburn, New York, Respondent-Appellee.**

**No. 454, Docket 30186.**

United States Court of Appeals Second Circuit.

Argued June 22, 1966.

Decided July 13, 1966.

490

Michael J. Sweedler, New York City (Anthony F. Marra, New York City, with him on the brief), for appellant.

Iris A. Steel, Deputy Asst. Atty. Gen. of the State of New York (Samuel A. Hirshowitz, First Asst. Atty. Gen., and Louis J. Lefkowitz, Atty. Gen. of the State of New York, with her on the brief), for appellee.

Before LUMBARD, Chief Judge, and MOORE and FEINBERG, Circuit Judges.

PER CURIAM:

Appellant was convicted of first degree murder in the former Court of General Sessions, New York County, and was sentenced to life imprisonment on February 6, 1952. He was represented by assigned counsel both at trial and at sentencing. He did not appeal from his conviction. In September, 1963, he applied to the Supreme Court, for a writ of error *coram nobis*, seeking to be resentenced *nunc pro tunc* so that he could file a timely notice of appeal from his 1952 conviction. Appellant alleged that within the thirty-day period following his conviction within which a notice of appeal had to be filed under N.Y.Code Crim.Proc. § 521, he had asked a friend to speak to his trial counsel about an appeal, and the lawyer had told his friend that "there was very little chance of success in the matter." The New York Supreme Court denied appellant's application on the grounds that a "negative or pessimistic opinion [of trial counsel] cannot be deemed a prevention of the taking of an appeal warranting relief in effect of an extension of time to appeal * * *" People v. Bjornsen, 40 Misc.2d 986, 244 N.Y.S.2d 551 (1963), aff'd without opinion, 21 A.D.2d 978, 252 N.Y.S.2d 1017 (1st Dep't 1964), cert. denied, 381 U.S. 917, 85 S.Ct. 1544, 14 L.Ed.2d 437 (1965).

Having exhausted his state remedies, appellant sought a writ of habeas corpus from the federal district court, contending that he had been denied his right to appeal in violation of his federal constitutional rights. The District Court denied the application as not presenting a federal claim of substance.

We agree with the District Court. Appellant concedes that he never asked anyone representing the State for advice on his right to appeal or for assignment of counsel on appeal, and never informed any representative of the State of his desire to appeal. The case accordingly differs from United States ex rel. Mitchell v. Follette, 358 F.2d 922 (2d Cir. 1966) and Pate v. Holman, 341 F.2d 764 (5th Cir.), modified, 343 F.2d 546 (5th Cir. 1965). His claim of constitutional

deprivation necessarily rests on the assertion that the State had an affirmative obligation to advise him of his right to appeal and of the procedure to enforce that right. It would unquestionably have been commendable if the State had afforded such advice, see Mitchell, supra, 358 F.2d at 925 n. 2; F.R.Crim.P. 32(a)(2), eff. July 1, 1966, 39 F.R.D. 263 (1966); but the Constitution has not yet been held to require that such advice be furnished. See Mitchell, supra, at 925; Pate, supra, 341 F.2d at 773; cf. Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964); United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); United States v. Statler, 343 F.2d 121 (2d Cir. 1965). But cf. Wainwright v. Simpson, 360 F.2d 307 (5th Cir. 1966).

Affirmed.