**UNITED STATES ex rel. Ralph MASELLI, Appellee,**

v.

**Frederick G. REINCKE, Warden, Appellant.**

**No. 441, Docket 31087.**

United States Court of Appeals
Second Circuit.

Argued May 29, 1967.

Decided Aug. 23, 1967.

Joseph D. Harbaugh, New Haven, Conn., for appellee.

David B. Salzman, Asst. State's Atty., George R. Tiernan, State's Atty., Richard P. Sperandeo, Robert K. Walsh, Asst. State's Attys., for appellant.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge:

This is an appeal by the State of Connecticut from an order of Judge Blumenfeld of the United States District Court for the District of Connecticut granting Ralph Maselli's petition for a writ of habeas corpus on the ground that, in violation of the Fourteenth Amendment, he had been denied the effective assistance of counsel.

Maselli and his codefendant, John T. Reid, had been jointly tried for robbery in Connecticut Superior Court, and, on virtually identical evidence, a jury found both guilty. Counsel for Reid promptly moved to set aside the verdict and, upon denial of his motion, after both Reid and Maselli were sentenced on June 19, 1964, filed a notice of appeal. Counsel for Maselli, one Frank A. Piccolo, did neither. On appeal, Reid's conviction was reversed by the Connecticut Supreme Court for insufficiency of evidence, State v. Reid, 154 Conn. 36, 221 A.2d 258 (1966), the opinion containing a footnote reference to the fact that Maselli had also been found guilty after joint trial with Reid, 154 Conn. at 39, 221 A.2d at 259. No timely appeal was ever taken on behalf of Maselli.

Maselli, on April 8, 1965, fourteen months before Reid's conviction was reversed, sought post-conviction relief in the Connecticut state courts, alleging that he had been prevented from taking a timely appeal because Attorney Piccolo had never advised him of his right, under Douglas v. State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), as an indigent to have the court assign him counsel on appeal, and that he had expressly requested Piccolo to perfect an appeal and had told Piccolo of his lack of funds with which to retain an appellate specialist. The state court found, without the benefit of testimony from Piccolo, that it was "unlikely" that counsel had not advised Maselli of his right to obtain state-appointed counsel to carry forward his appeal, and, accordingly, on September 22, 1965, while Reid's appeal was pending, denied the application. After his motion for a certification to appeal this decision to the Connecticut Supreme Court was denied, Maselli petitioned the federal district court for a writ of habeas corpus which was dismissed on October 25, 1965, and Maselli was directed by the federal court to exhaust his state remedies by moving the state court for permission to take an out-of-time appeal and for the assignment of counsel. Maselli brought that motion to the state court, it was denied without opinion on June 1, 1966, and a motion for a certification to appeal from that denial was also denied.

The state court having denied all relief to Maselli, he then returned to the federal district court with a new petition, and this time his claim was examined on its merits. The court below noted that the findings of the state habeas corpus court were "ambiguous" and that the record, which lacked the key testimony of Piccolo, was "scanty," 261 F.Supp. 457, 459 (1966), and proceeded on September 28, 1966 to conduct a full evidentiary hearing in apparent reliance on the mandate of Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), which requires such a hearing when " * * * the material facts were not adequately developed at the state-court hearing * * *." At this federal court hearing it appeared from the testimony of Maselli and of Piccolo and from a letter written by Piccolo which Maselli

introduced into evidence [1] that Piccolo was apprised of Maselli's indigency and desire to appeal and of Maselli's meritorious grounds for appeal. It also appeared that Piccolo had failed to protect Maselli's rights principally because of other demands on his time and partially because of his ill-advised belief that his client's interests could be served by carrying on negotiations with the prosecutor with a view of obtaining a recommendation for a concurrent sentence for Maselli when an unrelated charge pending against Maselli was brought forward. The court below found that Maselli "was not informed by his counsel and was not otherwise aware of the fact that the state would permit him as an indigent to appeal without the payment of fees and appoint counsel to assist him until long after the time to file an appeal had expired" and that Piccolo's decision to negotiate rather than to appeal was "horribly inept" and "pertained only to his own considerations." 261 F.Supp. at 461. Concluding that "Counsel's representation of Maselli was so ineffective as to shock the conscience and render the proceedings a mockery of justice", 261 F.Supp. at 462, the court directed Maselli's release unless the State should grant him a right of appeal as from the denial of a motion to set aside the guilty verdict and should appoint counsel to assist him, or should set the guilty verdict aside and grant him a new trial. 261 F.Supp. at 463. We affirm the court below.

 The State first contends that the court below erred when it conducted an independent factual hearing without first requiring the petitioner or the State to produce a supplemental record of the state proceedings. This contention merits little discussion. It is based upon present 28 U.S.C. § 2254(d), (e), a statute not effective until November 2, 1966. That section was not the law when, on September 28, 1966, the court commenced and completed its evidentiary hearing. Under such circumstances new procedural requirements are not retroactively applicable, see NLRB v. Whittenburg, 165 F.2d 102, 104 (5 Cir. 1947); Schoen v. Mountain Producers Corp., 170 F.2d 707, 714 (3 Cir. 1948), cert. denied, 336 U.S. 937, 69 S.Ct. 746, 93 L.Ed. 1095 (1949). And, under the rule of Townsend v. Sain, supra, a federal district court has wide discretion to conduct an independent inquiry, 372 U.S. at 318, 83 S.Ct. 745, and indeed must conduct one whenever the state court proceeding did not resolve the merits of the factual dispute or adequately develop the material facts, 372 U.S. at 313, 83 S.Ct. 745. Here, the glaring absence from the state court record of the crucial testimony of Piccolo which was then available, see United States ex rel. Mitchell v. Follette, 358 F.2d 922, 927–928 (2 Cir. 1966), indicates that the state court's findings were based solely on its guess that Maselli probably was aware of his rights. This was not the sort of "full and fair hearing" which obviates the necessity for federal inquiry. See Townsend, supra at 313, 83 S.Ct. 745.

 Adopting the findings of the court below, which are uncontested on this appeal, we must determine whether a convicted accused whose retained counsel fails to move to set aside the guilty verdict, or, though he knew an appeal was

---

1. On July 20, 1965 Piccolo wrote to a Hartford attorney as follows:

 Re: Ralph Maselli

 In regard to your letter of July 19, 1965, please be advised as follows:

 My recollection of the situation is that after the conviction in Superior Court on July 12, 1964, I discussed the matter of an appeal with Mr. Maselli. I informed him that I did not consider myself an appeal specialist and if he wished to take an appeal, he would do well to contact one of the noted appeal attorneys in the city. He stated to me that he was without funds and that unless some miracle happened, he would not be able to afford an appeal. I also believe that at the present time there is still money owing our firm of approximately $250.00 for services rendered for the trial of that case and an appearance in Middletown.

 If I can be of any other assistance, kindly contact our office.

meritorious and his client had requested an appeal, failed to perfect an appeal, has been denied the effective assistance of counsel required by the Sixth and by the Fourteenth Amendments, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In order to assume constitutional proportions, "A lack of effective assistance of counsel must be of such a kind as to shock the conscience of the Court and make the proceedings a farce and mockery of justice." United States ex rel. Boucher v. Reincke, 341 F.2d 977, 982 (2 Cir. 1965); quoting from United States v. Wight, 176 F.2d 376, 379 (2 Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). If counsel's representation is so "horribly inept" as to amount to "a breach of his legal duty faithfully to represent his client's interests," Kennedy v. United States, 259 F.2d 883, 886 (5 Cir. 1958), cert. denied, 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982 (1959), there has been a lack of compliance with the fundamental fairness essential to due process.

Here, under circumstances suggesting that an appeal would probably, if not certainly, be successful,[2] counsel's conduct effectively deprived Maselli of his right to appeal as well as his right to the assistance of counsel on appeal. This is not a case where hindsight reveals tactical or strategic errors "over which conscientious attorneys might differ", United States v. Garguilo, 324 F.2d 795, 797 (2 Cir. 1963); see, e. g., United States ex rel. Fazio v. Fay, 348 F.2d 418, 420 (2 Cir. 1965), cert. denied, 383 U.S. 938, 86 S.Ct. 1069, 15 L.Ed.2d 854

(1966); Edwards v. United States, 265 F.2d 909, 910 (6 Cir. 1959), for Piccolo could not seriously have hoped to further his client's interests in the case in which he had been convicted and sentenced by negotiating with the prosecution about another case while failing to preserve Maselli's right to appeal.

Nor is this a case in which federal collateral relief is foreclosed for lack of a showing that "any prejudicial errors occurred that would have called for a reversal of his conviction", McGarry v. Fogliani, 370 F.2d 42, 44 (9 Cir. 1966); see, e. g., Watkins v. United States, 356 F.2d 472, 473 (9 Cir. 1966); Miller v. United States, 339 F.2d 581, 582 (9 Cir. 1965); it is difficult to conceive of a case of more extreme prejudice than one where, as here, an accused is, through no fault of his own, precluded from challenging a conviction which has been adjudicated upon the appeal of a codefendant to have been based on evidence insufficient to convict the codefendant and, apparently, the precluded defendant, also. Rather, this case more closely resembles Wainwright v. Simpson, 360 F.2d 307 (5 Cir. 1966), where counsel of defendant's choice, first retained and then assigned when defendant claimed he was indigent, failed to move for a new trial or to file a notice of appeal though he considered that meritorious grounds for appeal were present. What was there stated by the court in granting the petition for habeas corpus is equally applicable here:

However laudable his motive, court appointed counsel for Simpson had no authority, without consulting[3] with

---

**2.** The court below, after carefully reviewing the evidence against Maselli and the opinion of the Connecticut Supreme Court handed down when Reid's conviction was reversed, concluded that "Nothing that would account for a different result in Maselli's case had he appealed was mentioned," 261 F.Supp. at 462, and that "The state had simply not introduced evidence to prove the identity of Maselli as the person who had committed the crime * * *." 261 F.Supp. at 461.

**3.** That counsel here consulted with his client is no ground for distinguishing these

cases. While Maselli certainly had less reason than Simpson to believe that counsel would take an appeal, the sole effect of Piccolo's advice to Maselli was to mislead Maselli into believing that, because he was indigent, he had no appellate rights. Both Simpson and Maselli were equally abandoned by counsel and, when, without authority to forego appeals, counsel forewent them, they were equally deprived of the aid of any counsel at a critical stage of the criminal proceedings.

or obtaining the consent of his client, deliberately to forego Simpson's right to move for a new trial or to appeal. When he did so, counsel proved himself ineffective. More, he completely abdicated his function and deprived Simpson of the aid of any counsel at a critical stage of the criminal proceeding. 360 F.2d at 309–310 (original footnotes omitted).

 Nevertheless, the State contends that collateral relief from a state conviction may not be had unless counsel's incompetency may be attributed to the State, citing Farrell v. Lanagan, 166 F.2d 845 (1 Cir.), cert. denied, 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775 (1948). Such incompetency, it is urged, must be of the sort of which the trial court may take cognizance and which it has a duty to correct. It cannot be gainsaid that this position has its proponents. See, e. g., Davis v. Bomar, 344 F.2d 84 (6 Cir.), cert. denied, 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965); see United States ex rel. Darcy v. Handy, 203 F.2d 407, 427 (3 Cir. 1953). Other courts, however, have more wisely focused their attention on the merits of each claim of incompetency of counsel, see, e. g., United States ex rel. Fazio v. Fay, supra; United States v. Garguilo, supra; Snead v. Smyth, 273 F.2d 838 (4 Cir. 1959); Riddle v. McLeod, 240 F.2d 206 (10 Cir. 1957), thereby insuring that each defendant has received the fundamental fairness required by the Fourteenth Amendment.[4] While it is clear that certain acts of incompetency may occur in the presence of and be obvious to the trial court, see, e. g., United States ex rel. Darcy v. Handy, supra, it is equally clear that many forms of ineffective assistance of counsel will not, as here, be readily apparent to the trial court. Note, Effec-

tive Assistance of Counsel, 49 Va.L.Rev. 1531, 1554 (1963). It is no answer to presume that an accused defendant acquiesces in the errors of his retained counsel unless he notifies the trial court that he is not acquiescing therein; the average defendant would be unlikely to discover his lawyer's inadequacies until it is too late to notify the court. 49 Va. L.Rev. at 1555. Here, for example, Maselli was unaware that his right to take an indigent appeal had been lost by Piccolo's inaction until it was too late to advise the trial court; thereafter his subsequent requests for permission to appeal and for the assistance of appellate counsel were denied by the state courts.

The State tells us that relieving defendants of responsibility for the sort of misconduct of their chosen counsel which transpired here will invariably " * * * put a premium on incompetent and inefficient counsel whose mistakes could be more certainly relied upon as effective aid for reversal than the sound and competent advice and trial conduct of the most efficient counsel." Popeko v. United States, 294 F.2d 168, 171 (5 Cir. 1961). We do not share this belief. As we have already observed, relator does not suffer here from counsel's tactical or strategic errors, the detection of which would impose upon the courts the intolerable burden of inquiring into counsel's designs at every stage in the proceeding, see 49 Va.L.Rev. at 1554. And, while overzealous counsel might occasionally commit deliberate errors with the express or implied consent of his client, see e. g., People v. De Simone, 9 Ill.2d 522, 138 N.E.2d 556 (1956), such cases will be rare, 49 Va.L.Rev. at 1541, and should be treated on their own facts. Here, counsel's post-trial conduct contrary to his client's wishes is not attributable to the accused, who was unconscionably

---

4. Of course a defendant's constitutional right to fundamental fairness is not violated when, looking back upon the events occurring at a trial, one can perceive ways in which the trial representation could have been bettered and some errors or

mistakes avoided. Fundamental fairness is denied only in extreme situations and then only when the defendant is obviously prejudiced thereby. See, e. g., the discussion, and the authorities cited, in Snead v. Smyth, supra, 273 F.2d at 842.

prejudiced thereby.[5] Fundamental fairness requires that he be granted the rights which were lost to him through no fault of his own.

Moreover, to hold otherwise would result in invidious discrimination against indigent defendants. As "there can be no equal justice where the kind of an appeal a man enjoys 'depends on the amount of money he has' ", Douglas v. State of California, 372 U.S. 353, 355, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963), quoting from Griffin v. People of State of Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891 (1956), we must seek to "assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel." Anders v. State of California, 386 U.S. 738, 745, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Here, it is clear that the loss of Maselli's appellate rights, rights so useful to his codefendant Reid, was occasioned by his indigency as well as by his counsel's incompetency. Had he been financially able to employ private counsel on appeal Maselli

would most assuredly have followed Piccolo's inadequate advice to seek an appellate specialist and might even have induced Piccolo to handle the appeal. This is precisely the situation in which the Supreme Court has suggested that the Fourteenth Amendment requires a State to grant relief. See Norvell v. State of Illinois, 373 U.S. 420, 422–423, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963).[6]

■ Finally, we note that while it has not been held that state judges must advise defendants of their rights to take indigent appeals with the assistance of assigned counsel,[7] see United States ex rel. Bjornsen v. LaVallee, 364 F.2d 489, 491 (2 Cir. 1966), as required of federal judges since July 1, 1966, Fed.R.Crim. P. 32(a) (2), the states are responsible for the operation of their systems of criminal justice. See Note, supra, 49 Va.L.Rev. at 1556. By continuing the imprisonment of one who, for aught that appears, was convicted on insufficient evidence without granting him a right of appeal which was lost to him through no fault of his by his incompetent counsel, the State courts have affirmatively de-

5. The gravity and obviousness of the prejudice to Maselli occasioned solely by his counsel's failure to protect his appellate rights after trial serves to distinguish contrary decisions involving similar omissions which denied collateral relief, e. g., McGarry v. Fogliani, 370 F.2d 42 (9 Cir. 1966) ; United States ex rel. Bjornsen v. LaVallee, 364 F.2d 489 (2 Cir. 1966) ; United States ex rel. Mitchell v. Follette, 358 F.2d 922 (2 Cir. 1966).

6. We are not unaware of our rejection in United States ex rel. Mitchell v. Follette, 358 F.2d 922, 926 n. 5 (2 Cir. 1966) of a similar argument based on the Supreme Court dictum in *Norvell.* However, it was not clear in *Mitchell,* as it is here, that "the lawyer who represented petitioner at the trial refused to represent him on the appeal *and petitioner's indigency prevented him from retaining another".* Norvell v. State of Illinois, 373 U.S. 420 at 422, 83 S.Ct. 1366 at 1368 (emphasis supplied), so there we remanded for a determination as to whether petitioner was aware of his right to take an indigent appeal. This is certainly a case in which "counsel was

necessary to pursuing an appeal," 358 F. 2d at 926 n. 5, if only to advise Maselli that a procedure existed for the taking of an indigent appeal.

7. It is also arguable, though the point was not raised on this appeal and we need not decide it, that drawing a distinction between cases in which the assistance of counsel on appeal was expressly requested of the State, e. g., Pate v. Holman, 341 F.2d 764 (5 Cir. 1965), and those in which no such request was made, e. g., United States ex rel. Bjornsen v. LaVallee, 364 F.2d 489 (2 Cir. 1966), is no longer permissible in light of the Supreme Court's emphasis in Miranda v. State of Arizona, 384 U.S. 436, 473, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) upon the importance of advising all defendants, whether they appear to be rich or poor, knowledgeable or ignorant, of their constitutional right to receive the assistance of counsel from the onset of the accusatory stage in criminal proceedings, a right which also extends, of course, to the appellate stage, Douglas v. State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

prived Maselli of the due process constitutionally his under the Fourteenth Amendment.[8] Note, Effective Assistance of Counsel for the Indigent Defendant, 78 Harv.L.Rev. 1434, 1437 (1965).

Accordingly, the order below is affirmed.

---

8. The failure of the New York state courts to grant an out-of-time appeal in United States ex rel. Bjornsen v. LaVallee, 364 F.2d 489 (2 Cir. 1966) and United States ex rel. Mitchell v. Follette, 358 F.2d 922 (2 Cir. 1966) was not as patently culpable as the refusal of the Connecticut courts here. The Connecticut courts had full knowledge that Reid, whose conviction had been obtained on the identical evidence used against Maselli, was appealing his conviction and likewise knew of Maselli's allegations of prior unavoidable ignorance of his appellate rights. In neither *Bjornsen* nor *Mitchell* does it appear that the state courts were apprised of any serious prejudice resulting from the foreclosure of petitioner's appellate rights and, in *Mitchell*, there was an unresolved factual question as to whether petitioner was aware of his rights notwithstanding his counsel's failure properly to advise him.