**UNITED STATES of America ex rel. Carlos BRISTOL, Petitioner,**

v.

**Charles McKENDRICK, Warden of Wallkill Prison, Wallkill, New York, Respondent.**

**No. 67 Civ. 4541.**

United States District Court
S. D. New York.
June 5, 1968.

MEMORANDUM DECISION

MOTLEY, District Judge.

Petitioner, Carlos Bristol, has filed this petition for a Writ of Habeas Corpus, 28 U.S.C. § 2241 et seq. to free him from imprisonment imposed upon his plea of guilty in 1958 to a murder charge. Petitioner received twenty years to life as his punishment. Petitioner is properly proceeding before the court after having exhausted all of his state remedies.

In the autumn of 1958, petitioner, with two companions, was charged with murder. Petitioner at that time was 18 years of age. On October 2, 1958, at 4:00 P.M. the murder trial was adjourned, the jury was sent home for the evening, and the defendants were ordered remanded to their cells. At the trial, petitioner had four counsel, his retained counsel Samuel Segal and three members of the Legal Aid Society, appointed by the state judge. At the end of that day, retained counsel Segal departed from the courthouse but not without allegedly receiving from petitioner a written instruction not to enter a guilty plea. The other attorneys, on both sides, as well as the defendants, themselves, remained inside the courtroom. The judge had retired to his chambers. Discussions ensued among the attorneys and among attorneys and defendants. Later that evening, defendant Bristol, represented by his court appointed counsel, entered a plea of guilty to the murder charge and the plea was accepted that night by the presiding judge of the trial. Sentencing was postponed to a later date.

To escape from this bizarre sequence of events Bristol brings this petition and contends as follows: that the prosecutor threatened him that evening with the electric chair if he did not plead guilty; that his co-defendant Edwards prevailed upon ·him to plead guilty so that they would not get the "chair"; that his court appointed lawyer Herbstman, now deceased, advised him that Judge Barshay, the presiding judge, would permit a withdrawal of the plea at the time of sentencing; that he, petitioner, was weak from the incessant persuasion and pleas of his attorneys and his co-defendants to plead guilty; and that the state court erred in permitting a guilty plea to be made and accepted in the absence of his retained counsel. Distilling the essentials from petitioner's assertions, it is clear that he alleges that his guilty plea was involuntary and that his retained counsel was not

present at the entry and acceptance of his guilty plea.

Petitioner commenced a coram nobis proceeding before Judge Barshay, Supreme Court, Kings County, New York, to examine the circumstances surrounding the inducement and entry of his plea. At that hearing petitioner's co-defendant Edwards testified that petitioner had nothing to do with the murder charge. Edwards admitted telling petitioner to take the guilty plea because he didn't want to get the electric chair. Edwards further testified that he pleaded late in the day and that he had not received any food at that time subsequent to the lunch break.

Co-defendant Walker testified that petitioner was the last to plead guilty, that the defendants had nothing to eat between noon and the pleading, and that he, Walker, was not guilty of the crime charged.

Petitioner's recollection was that the murder trial adjourned at 4:00 P.M. and that his plea was entered about 10:30 or 11:00 P.M. that night. Judge Barshay listened to testimony from the petitioner that Edwards, one of petitioner's lawyers, and the Assistant District Attorney influenced him to plead guilty, and that the court-appointed lawyer had represented to him that Judge Barshay would permit a change of plea at sentencing. Judge Barshay further heard evidence that defendant had been threatened with the electric chair. Petitioner testified that his plea of guilty was not thought to be irrevocable, and that he had tried to change his plea the day after it was made as well as at the sentencing.

Two of petitioner's court-appointed lawyers, Mr. Habas and Mr. Herbstman, are now deceased. Mr. Segal who was retained by petitioner and whom petitioner alleges to have been the chief counsel was not present at the pleading. Mr. Herbstman presented the plea. The court's personal minutes showed that the pleading occurred around 6:15 P.M.

Judge Barshay, in opinion, denied petitioner's application on the ground that he did not "sustain the burden of proving the allegations of his petition by a fair preponderance of the credible evidence."

On this application the court will consider three issues. Was the petitioner's plea of guilty voluntary? Was he represented by counsel when the plea was entered and accepted in the absence of his chief counsel retained by him but in the presence of his three court appointed counsel? Was petitioner afforded a sufficient evidentiary hearing to avoid a subsequent hearing?

Taking up the last issue first, the court notes that under the authority of Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963),

> "* * * a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing."

In all cases, where a constitutional issue is presented, the federal district court has power, to be exercised in its discretion, to order an evidentiary hearing to develop and determine the facts. Townsend, supra, at 318, 83 S.Ct. 745.

Petitioner received a full and open hearing on every aspect of the voluntariness of the plea. At the coram nobis proceeding, Judge Barshay explored every issue raised by petitioner and received every offer of evidence presented. The court is unable to deny the fairness of the procedures accorded

petitioner. Petitioner's application for an evidentiary hearing cannot, therefore, be granted on the question of voluntariness of his plea. The record shows his plea to have been made voluntarily.

■■ Taking petitioner's allegations as true it is remarkable that a judge presiding at a murder trial should accept a plea in the absence of an attorney retained by the petitioner, especially so when that attorney was directing the overall conduct of the trial and was regarded by petitioner as his chief counsel. But petitioner was represented by three court appointed counsel at the proceedings of which he complains. They were duly authorized to act on his behalf. They provided his "assistance of counsel". "Proof of inadequacy of counsel has in this circuit been held to a stringent standard," says the Court of Appeals. United States ex rel. Boucher v. Reincke, 341 F.2d 977 (2d Cir.1965). "A lack of effective assistance of counsel must be of such a kind as to shock the conscience of the Court and make the proceedings a farce and mockery of justice." United States v. Wight, 176 F.2d 376, 377, 379 (2d Cir.1949). United States ex rel. Maselli v. Reincke, 383 F.2d 129, 132 (2d Cir.1967). Obviously, the decisions do not imply that courts fail to stir themselves when a proper allegation and showing of inadequate representation of counsel is made. Now, however, in this case, there is nothing to do except to deny the application on the ground that petitioner was represented by competent counsel. An entirely different situation would arise if petitioner alleged that Legal Aid attorneys were appointed against his will and that he wished to rely solely upon his retained counsel. Similarly, the court might hesitate in reaching this decision if petitioner had protested to the presiding judge that the three court appointed lawyers did not represent him by virtue of his having obtained retained counsel. In the absence of allegations of this nature, the petition for the writ is denied.