THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN LUCCI, Appellant. — Order of the Supreme Court, Richmond County, dated May 20, 1968, affirmed. No opinion. Beldock, P. J., Munder, Martuscello and Kleinfeld, JJ., concur. Benjamin, J., dissents and votes to reverse the order and remand the application for a hearing with the following memorandum: In February, 1966, defendant was indicted for third degree burglary and second degree grand larceny. Seven weeks later, through retained counsel, he pleaded guilty to attempted third degree burglary in satisfaction of the indictment and was sentenced to a 5 to 10 year term as a second offender. On this *coram nobis*

application, he avers that when he was being interrogated by Assistant District Attorney Neuberger, shortly after his arrest, Neuberger promised him a sentence of not more than 2½ to 5 years if he pleaded guilty to attempted third degree burglary; that at the opening of his trial, after several conferences in chambers between the Trial Judge, defendant's retained counsel, Jerome Giovinazzo, and Assistant District Attorney Di Vernieri, his attorney informed him that the Judge had promised a sentence of not more than 2½ to 5 years if he pleaded guilty to attempted third degree burglary; that his attorney also told him that when he pleaded guilty in open court he would have to state that no promise had been made with respect to sentence, as this was the customary procedure; that he then pleaded guilty in reliance upon that promise; that shortly before he was to be sentenced, he and his wife were indicted for forgery; that when he protested innocence on the forgery charge, detectives threatened that he would get 5 to 10 years on the attempted burglary charge, and if he tried to withdraw his guilty plea at sentencing they would prosecute his wife on the forgery charge and take her baby away from her; that the forgery charges against both of them were later dismissed; that he was sentenced to a 5 to 10 year term on the attempted burglary charges; that when he was in the detention pen, shortly after his sentencing on the attempted burglary charge, he asked attorney Giovinazzo "to appeal the case", and Giovinazzo told him it would cost at least $2,000 to prosecute the appeal; that he did not then know he could appeal in *forma pauperis,* and no appeal was taken from the judgment; that a year later he was visited at jail by his father and attorney Giovinazzo, and Giovinazzo reiterated that the Trial Judge had promised a 2½ to 5 year sentence but had not kept his promise; and that Giovinazzo then promised to give him an affidavit to that effect, but now has refused to give it to him. Supporting affidavits by defendant's wife and father corroborate his averments concerning the alleged promises as to sentence made by Assistant District Attorney Neuberger and the Trial Justice; the father's affidavit also corroborates defendant's averments concerning Giovinazzo's post-judgment visit to him in prison and, in addition, states that shortly after defendant was sentenced he wrote to his father asking him to "undertake the cost of an appeal in the sum of $2,500," but he [the father] replied that he did not have the money to help him. Opposing affidavits by Assistant District Attorneys Neuberger and Di Vernieri denied that they or the Trial Judge had promised a 2½ to 5 year sentence in return for a guilty plea. On this record, defendant's *coram nobis* application was denied without a hearing. In my opinion this was error, as defendant was entitled to a hearing on his contentions (a) that he pleaded guilty in reliance upon an unkept promise by the Trial Judge of a 2½ to 5 year sentence (*People* v. *Weldon,* 17 N Y 2d 814) and (b) that he was unconstitutionally deprived of his right to appeal as a poor person (*People* v. *Ludwig,* 16 N Y 2d 1062; *People* v. *Taylor,* 25 A D 2d 439; *People* v. *Williams,* 28 A D 2d 985; *United States* v. *Reincke,* 383 F. 2d 129).