**UNITED STATES** of America ex rel. Andrew **GREEN**, Petitioner-Appellant,

v.

Frank **J. PATE**, Warden, Illinois State Penitentiary, Respondent-Appellee.

No. 17100.

United States Court of Appeals Seventh Circuit.

June 4, 1969.

Joseph A. Marino, Chicago, Ill., for appellant.

William J. Scott, Atty. Gen., Thomas J. Immel, Asst. Atty. Gen., Chicago, Ill., for appellee; James R. Thompson, Joel M. Flaum, Asst. Attys. Gen., of counsel.

Before MAJOR, Senior Circuit Judge, and SWYGERT and KERNER, Circuit Judges.

MAJOR, Senior Circuit Judge.

Petitioner was sentenced to a term of not less than three or more than eight years by the Circuit Court of Cook County, Illinois, on August 6, 1965. He was an indigent represented by court-appointed counsel, and the judgment of conviction was rendered on his plea of guilty. On September 30, 1966, more than thirteen months after rendition of judgment, petitioner filed in the Illinois Appellate Court a petition for leave to appeal late, alleging that he had discovered his right to appeal only after his incarceration in the penitentiary. On December 20, 1966, his leave to appeal was denied.

On February 6, 1967, petitioner filed an application for habeas corpus in the District Court, which was denied February 13, 1967, for failure to show an exhaustion of State remedies. He then filed a petition for writ of habeas corpus in the Circuit Court of Cook County, Illinois, which was dismissed January 11, 1968. His petition to the Supreme Court of the United States for writ of certiorari to review this action was denied April 22, 1968. Petitioner returned to the District Court with another application seeking habeas corpus relief which the court dismissed on June 13, 1968, for the same reason that it had dismissed his previous application. From this judgment of dismissal petitioner appeals.

In the interim between the entry of the judgment on his plea of guilty and the present appeal, petitioner was not represented by counsel. On appeal, at petitioner's request, this court appointed to represent him Joseph A. Marino, a member of the Bar of the State of Maryland, who has ably briefed and argued the case on petitioner's behalf.

While it appears that the District Court allowed respondent's motion to dismiss the petition for habeas corpus for failure to show an exhaustion of State Court remedies, petitioner here not only argues that issue but also that he was deprived of his constitutional right to appeal and to have assistance of counsel, in violation of due process and equal protection. Under the circumstances of the case, we consider and decide both issues adversely to petitioner.

Title 28 U.S.C.A. Sec. 2254 provides in pertinent part:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."

Petitioner argues that his efforts during the past two years "satisfy the spirit of the exhaustion doctrine." Even though there be some plausibility in this argument, we think it is not sufficient in view of the fact that the State has specifically provided a means of obtaining relief from alleged deprivation of constitutional rights which petitioner failed to utilize.

Illinois Post Conviction Hearing Act, Ill.Rev.Stat., Ch. 38, Sec. 122–1, provides:

"Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article."

The State provided petitioner with the means by which he could have raised the constitutional issues of which he complains. However, instead of seeking relief under that provision, he sought to do so by means of habeas corpus. That habeas corpus was not appropriate is clearly shown by the decision of the Illi-

nois Supreme Court in People ex rel Rose v. Randolph, 33 Ill.2d 453, 211 N.E. 2d 685. In that case the prisoner by means of habeas corpus asserted that he was denied his constitutional right to counsel of his choice at the time sentence was imposed. In holding that the constitutional issue could not be raised by means of habeas corpus, the court stated (page 687, 211 N.E.2d):

"Accordingly, and within the confines of the legislative enactment; we have consistently held that habeas corpus is not an appropriate remedy to reach alleged errors of a nonjurisdictional nature, which occurred in the course of trial. Or, as sometimes said, habeas corpus may not be used as a means of reviewing a judgment which, although erroneous, is not void, whether the errors claimed are errors of law or of fact. [Citing many cases.] We hold, therefore, that the issue may not be determined in this habeas corpus proceeding, and that relator is left to his remedies of writ of error or post-conviction hearing."

■ Thus, it plainly appears that petitioner by resort only to habeas corpus in the State Court did not exhaust the remedies provided by the State. The fact that he was not represented by counsel when he applied for habeas corpus in the State Court cannot properly be utilized as an excuse for such failure.

■ Petitioner's argument on the merits, that is, that he was deprived of his constitutional rights, rests on the premise that neither the court nor petitioner's counsel at the time he was sentenced on his plea of guilty advised him of his right to appeal and to have counsel appointed for that purpose, and further, that the Illinois Appellate Court in refusing to allow a belated appeal deprived

him of his constitutional right of review.

Supreme Court Rule 27(6), Ill.Rev. Stat., Ch. 110, Sec. 101.27(6) (1965), also applicable to Illinois Appellate Courts, in effect at the time petitioner was sentenced, provides:

"In all cases in which the defendant is sentenced to the penitentiary, *except cases in which the defendant has been convicted upon a plea of guilty*, the trial court shall at the time of imposing sentence advise the defendant of his right to appeal and of his right; if indigent, to be furnished, without cost to him * * * counsel on appeal. [Italics supplied.] "[1]

Rule 27(7) (b) so far as pertinent provides:

"A notice of appeal may be filed after the expiration of 30 days and within a period of not to exceed 14 months from the entry of the order or judgment from which the appeal is taken by order of the reviewing court entered within the 14 months, upon petition filed and *notice given to the adverse parties within one year from the entry of the order or judgment and upon a showing by affidavit that there is merit in appellant's claim for appeal* * * *. The fact the appellant may have filed a notice of appeal prior to the filing of his petition for leave to appeal does not deprive the reviewing court of the power, in its discretion, to grant leave to appeal. The ruling of the court upon the petition is not reviewable. [Italics supplied.]"

A reading of the rule makes it plain that petitioner was deprived of no statutory right. The questions which petitioner argues must be resolved on the basis of whether the court had the power to promulgate such a rule. More spe-

---

1. The Illinois Supreme Court in 1967 (two years after petitioner's conviction) adopted Rule 605, Ill.Rev.Stat., Ch. 110A, providing that a defendant convicted of a felony should be advised at the time of sentencing of his right to request the clerk to prepare and file a notice of appeal. This change in the Supreme Court rule apparently was in response to the suggestion of this and other courts that to so advise all defendants would be better practice. See Victor v. Lane and United States ex rel. Bjornsen v. LaVallee, subsequently discussed.

cifically, did the rule deprive petitioner of due process or discriminate against him because of his indigence?

The Supreme Court in McKane v. Durston, 153 U.S. 684, page 688, 14 S.Ct. 913, page 915, 38 L.Ed. 867, stated:

"An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal. * * *

"It is therefore clear that the right of appeal may be accorded by the state to the accused upon such terms as in its wisdom may be deemed proper."

McKane was cited with approval by the court in Griffin et al. v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891. Following such approval the court stated:

"But that is not to say that a State that does grant appellate review can do so in a way that discriminates against some convicted defendants on account of their poverty. Appellate review has now become an integral part of the Illinois trial system for finally adjudicating the guilt or innocence of a defendant. Consequently at all stages of the proceedings the Due Process and Equal Protection Clauses protect persons like petitioners from invidious discriminations."

In United States v. Robinson et al., 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259, the court affirmed a judgment of dismissal in an analogous situation on the ground that the appeal had not been taken in the time provided in the Federal Rules of Criminal Procedure, and stated (page 229, 80 S.Ct. page 288):

"That powerful policy arguments may be made both for and against greater flexibility with respect to the time for the taking of an appeal is indeed evident. But that policy question, involving, as it does, many weighty and conflicting considerations, must be resolved through the rule-making process and not by judicial decision. * * * Whatever may be the proper resolution of the policy question involved, it was beyond the power of the Court of Appeals to resolve it."

Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012, affirmed the dismissal of an appeal on the ground that it had not been taken in the time proscribed by the rule, citing United States v. Robinson et al., *supra*.

The State Court rule did not discriminate against petitioner or any other convicted defendant when it fixed a time within which an appeal could be taken. We think an appeal sought beyond the time thus fixed, like an appeal sought beyond the time fixed by the Federal Rules of Criminal Procedure, would deprive a reviewing court of jurisdiction.

What we have said regarding the power of the Illinois Supreme Court to fix by rule the time within which an appeal must be taken is also applicable to the rule which relieves the trial court of the duty of advising the defendant, on a plea of guilty, of his right to appeal. In our view, it was logical and within the power of the court to recognize a distinction between a defendant whose judgment of conviction resulted from a trial and one whose judgment was based upon a plea of guilty. The rule was not directed at any defendant because of his indigence. The court was required to advise a defendant, rich or poor, of his right to appeal where his conviction followed a trial, but was not required to so advise a defendant, rich or poor, who was convicted on his plea of guilty.

There being no duty on the court to advise petitioner of his right to appeal, it would seem to follow that there was no duty, particularly absent a request, to appoint counsel for such purpose. In this connection it is pertinent to note that in the proceedings instituted by petitioner and in his brief in this court there is not even a suggestion of any infirmity in the judgment rendered against him on his plea of guilty.

It would unduly prolong this opinion to cite and discuss the numerous cases called to our attention. Petitioner places

great reliance upon Griffin et al. v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and Douglas et al. v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. In Griffin, the question was "whether Illinois may, consistent with the Due Process and Equal Protection Clauses of the Fourteenth Amendment, administer this statute so as to deny adequate appellate review to the poor while granting such review to all others." After noting the State's concession that the petitioners needed a transcript in order to get adequate appellate review of their alleged trial errors, the court stated (page 16, 76 S.Ct. page 589):

> "We must therefore assume for purposes of this decision that errors were committed in the trial which would merit reversal, but that the petitioners could not get appellate review of those errors solely because they were too poor to buy a stenographic transcript."

In Douglas, petitioners had requested and were denied the assistance of counsel solely on the basis that they were indigents, on an appeal shown to have merit. The court held that petitioners had been discriminated against because of their indigence, and stated (page 355, 83 S.Ct. page 815):

> "In Griffin v. Illinois, 351 U.S. 12, [76 S.Ct. 585], we held that a State may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their poverty."

The court recognized, however (page 356, 83 S.Ct. at 816):

> "But it is appropriate to observe that a State can, consistently with the Fourteenth Amendment, provide for differences so long as the result does not amount to a denial of due process or an 'invidious discrimination.'"

From what we have shown, we think it evident that the reasoning employed in Griffin and Douglas is not applicable to the situation before us, and the result reached in those cases is not controlling.

In Victor v. Lane, 394 F.2d 268, the defendant alleged a deprivation of a constitutional right because of the failure of the trial judge to advise him of his right to appeal. The Indiana Supreme Court under its rules had denied his petition for a belated appeal. Regarding the trial court's failure to advise the defendant of his right to appeal, this court stated (page 269):

> "Although most would agree that it is good practice for a trial court to inform a convicted defendant of his right to appeal, and to be furnished counsel if he is indigent, the absence of such advice is not deemed a denial of due process or equal protection."

The Court of Appeals for the Second Circuit, in United States ex rel. Bjornsen v. LaVallee, 364 F.2d 489, considered a similar question and reached the same result (page 491):

> "It would unquestionably have been commendable if the State had afforded such advice [citing case]; but the Constitution has not yet been held to require that such advice be furnished. [Citing cases.]"

Petitioner's reliance upon the opinion of the Second Circuit in United States ex rel. Maselli v. Reincke, 383 F.2d 129, is misplaced, due to the dissimilar factual situation. The main issue in that case related to the charge that defendant at trial and conviction had been represented by incompetent counsel. The court stated (page 132):

> " * * * it is difficult to conceive of a case of more extreme prejudice than one where, as here, an accused is, through no fault of his own, precluded from challenging a conviction which has been adjudicated upon the appeal of a codefendant to have been based on evidence insufficient to convict the codefendant and, apparently, the precluded defendant, also."

The court held that such incompetency was a violation of defendant's constitutional rights but in so doing recognized that it had not been held "that state judges must advise defendants of their rights to take indigent appeals with the assistance of assigned counsel * * *."

We hold that petitioner was not entitled to the relief sought and that his petition for the issuance of a writ of habeas corpus was properly denied.

The order appealed from is

Affirmed.