**Donald FOX**

v.

**STATE OF NORTH CAROLINA,**
Warden R. L. Turner.

Civ. No. 1885.

United States District Court
E. D. North Carolina,
Raleigh Division.

April 3, 1967.

Donald Fox pro se.

T. Wade Bruton, Atty. Gen., of North Carolina, by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondents.

OPINION AND ORDER

BUTLER, Chief Judge.

This is an application for writ of habeas corpus by Donald Fox, a state prisoner. The petitioner is confined pursuant to two consecutive sentences of life imprisonment imposed by the Superior Court of Buncombe County, North Carolina, at the March 1965 Term, upon the jury's verdict of guilty of first-degree murder and first-degree burglary.

In support of the contention that his custody violates the Constitution of the United States, petitioner alleges, among numerous other federal constitutional infirmities, that he had ineffective assistance of counsel at trial and at state post conviction hearing, that he was denied counsel during police interrogation, that his confession was coerced, and that he was denied the right to appeal.

It appears that petitioner presented these contentions, with the exception of alleged infirmities at post conviction hearing, to the Superior Court of Buncombe County in a post conviction proceeding pursuant to N.C.Gen.Stat. § 15–217 to § 15–222; that relief was denied, and that application for writ of certiorari, which included alleged infirmities at post conviction hearing, was denied by the Supreme Court of North Carolina.

The order denying post conviction relief includes the following findings of fact: that the jury rendered its verdict of guilty with recommendation of mercy at approximately 11 p. m., February 26, 1965; that at approximately 12 p. m. the same night petitioner was transported from Buncombe County jail to Central Prison, Raleigh, North Carolina; that prior to verdict petitioner's attorneys had conferred with him many times concerning an appeal in the event of an adverse verdict; that petitioner had authorized his attorneys to appeal only if

the verdict resulted in a sentence of death; that after verdict and sentence petitioner did not authorize his attorneys to enter notice of appeal and no notice was entered; that petitioner on the night of the conviction expressed satisfaction with the verdict; that after sentence was imposed, petitioner told one of his lawyers that he wanted to talk with him about the case, and his lawyer told him he would see him a little later; that the lawyer did not go to see him in jail before he left, or in Raleigh after he was taken to Central Prison; that petitioner did not express a desire to appeal until some three or more weeks after he was committed to Central Prison. The transcript of the post conviction hearing reveals that the above findings are supported by the record as a whole.

The transcript further reveals that petitioner was kept "under attention" [1] for about four weeks after his arrival at Central Prison; that during that time he was permitted to leave his cell only on Saturdays to take a shower; that he had no association with other prisoners; that he is unable to write; that he had no access to a telephone; and that he made no attempt to communicate with the guards.

Generally, failure to utilize a State's appellate machinery precludes collateral relief if the errors alleged by petitioner could have been asserted on appeal. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Thomas v. Cunningham, 313 F.2d 934 at 937 (4 Cir. 1963). It is therefore incumbent upon this court to scrutinize carefully the entire record in order to determine whether petitioner's failure to appeal within the time allowed by statute [2] constituted a knowing and intelligent waiver of that right.[3]

The order denying post conviction relief concluded: "[T]here was no notice of appeal given and * * * there was, in fact, an intelligent waiver [of that right] within the time allowed by law * * * *"

In Fay v. Noia, the Supreme Court said:

" * * * The classic definition of waiver enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, [58 S.Ct. 1019, 1023, 82 L.Ed. 1461]—'an intentional relinquishment or abandonment of a known right or privilege'— furnishes the controlling standard. * * * At all events * * * the standard [of waiver] * * * depends on the considered choice of the petitioner. * * * A choice made by counsel not participated in by the petitioner does not automatically bar relief. Nor does a state court's finding of waiver bar independent determination of the question by the federal courts on habeas, for waiver affecting federal rights is a federal question." Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963).

The petitioner testified at the post conviction hearing (page 30):

"QUESTION: Now at the time you talked to your attorneys about appealing

---

1. Although the record is not clear, petitioner's testimony that he was "under attention" appears to refer to the period of time that he was being processed by state prison authorities. See, General Policies, Rules and Regulations for the State Prison System.

2. N.C.Gen.Stat. § 15–180, by incorporating the provisions of N.C.Gen.Stat. § 1–279, provides that notice of appeal must be filed within ten days after rendition of judgment. The constitutionality of this requirement was upheld by the Supreme Court of the United States in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L. Ed. 469 (1953).

3. The State of North Carolina is under no duty to provide appellate review, but since the State has undertaken to provide such a review, it becomes a right which must be available to all on equal terms. Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951); Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). See, also, State v. Rhinehart, 267 N.C. 470, 148 S.E.2d 651 (1966).

this matter, was any explanation given to you about *when* [Emphasis ours.] you had to serve notice of appeal?

"PETITIONER: No, sir.

"QUESTION: Was any statement given to you with reference to having to serve a notice upon the Solicitor in writing, in the event you did not enter your notice of appeal in open court?

"PETITIONER: No, sir."

Petitioner's trial attorney testified (page 49):

"QUESTION: Did you ever advise him [petitioner] of his right to appeal and what was required in the event he elected to appeal?

"MR. YOUNG: I think we covered that rather at length sometime prior to and during the trial, but in the light of a death sentence rather than an appeal on a life term.

"QUESTION: Yes, but did you ever make any statement to him as to how many days he had in which to make up and serve notice of appeal on the Solicitor with reference to filing application with the Clerk to appeal in the form of a pauper and with reference to filing an application with the Court with reference to securing a copy of the transcript?

"MR. YOUNG: I do not—(interrupted)

"QUESTION: Did you ever advise him—(interrupted)

"MR. YOUNG: I do not recall that I went into the details of the procedure of appeal with him at any time."

Furthermore, an examination of the transcript of the trial proceedings discloses that the trial court did not inform petitioner of his right of appeal nor the 10 day limitation for filing notice of appeal.

We find the following facts from the record:

█ 1. Neither trial counsel nor the trial court informed Donald Fox of the statutory limit for filing notice of appeal to the Supreme Court of North Carolina.

2. Donald Fox did not know of the statutory time limit for filing notice of appeal until after the period had elapsed.

We conclude, therefore, that petitioner's failure to file notice of appeal within the 10 day time limitation did not constitute an intentional relinquishment or abandonment of a known right and that petitioner is entitled to relief in habeas corpus.

█ We do not decide whether failure to advise a defendant of his right of appeal and the time limitation within which the right must be exercised constitutes ineffective assistance of counsel. We hold only that in the absence of such advice from the trial court or trial counsel and in the absence of such knowledge by the defendant, the defendant cannot be held to have knowingly and intelligently waived his right of appeal.

It is desirable for trial counsel in every case in which the defendant has been convicted upon a plea of not guilty to inform the defendant of his appellate rights and the limitations thereon. A failure to do so has been held to be ineffective assistance of counsel. Wynn v. Page, Warden, 369 F.2d 930 (10 Cir. 1966). A defendant who is not aware that there is a time limit within which notice of appeal must be given may find himself in no better position than the defendant who is completely unaware that he has a right of appeal.

Rule 32(a) (2) of the Federal Rules of Criminal Procedure has recently been amended to include the requirement that "[a]fter imposing sentence in a case which has gone to trial on a plea of not guilty, the [trial] court shall advise the defendant of his right to appeal * *." The Advisory Committee of the Judicial Conference of the United States proposed the adoption of this amendment because it felt that "situations arise in which a defendant represented by counsel at the trial is not adequately advised by such counsel of his right to appeal. Trial counsel may not regard his responsibility as extending beyond the time of imposition of sentence. The defendant may be removed from the courtroom immediate-

ly upon sentence and held in custody under circumstances which make it difficult for counsel to advise him. See, e. g., Hodges v. United States, 368 U.S. 139 [82 S.Ct. 235, 7 L.Ed.2d 184] (1961)." H.R.Doc.No.390, 89th Cong., 2d Sess. 31 (1966).

This amendment would be inadequate if it were construed to mean only that the judge must advise the defendant that he has a right to appeal. Advice that the right exists might be ineffectual to the convicted defendant unless he was also apprised of the fact that the Federal Rules of Criminal Procedure require that notice of appeal must be filed within 10 days after the entry of judgment. Fed. R.Cr.P. 37(a) (2). We therefore read the rule as requiring the court to advise the defendant of his right to appeal and the limitations upon that right.

Though the federal rule is not a constitutional imperative binding on the states, United States ex rel. Maselli v. Reincke, 261 F.Supp. 457 (D.C.Conn. 1966), it would be a wise policy for state trial courts to adopt the practice now required of federal district court judges. Had the court in the instant case done so, we would not now be confronted by a state prisoner who unknowingly failed to file timely notice of appeal.

For the reasons stated herein:

It is ordered that petitioner be allowed thirty days from the date of service of this order to institute appropriate proceedings for a review of his convictions in the Supreme Court of North Carolina.

It is further ordered that the respondents file a timely statement with the Clerk of this court, certifying as to the disposition of such proceedings.

It is further ordered that upon the failure of petitioner to institute such proceedings within the time allowed, the Court will entertain a motion by respondents to dismiss the application for writ of habeas corpus.

It is further ordered that if such proceedings are instituted within the time allowed, and if such review is not now permissible, or, if available, is not permitted within a reasonable time, the Court will entertain a motion to issue a writ of habeas corpus releasing petitioner from state custody.

It is further ordered that the United States Marshal serve forthwith a copy of this order upon the Honorable Robert S. Swain, Solicitor of the Nineteenth Solicitorial District of North Carolina, Asheville, North Carolina; and the Honorable V. Lee Bounds, Director of Prisons of the State of North Carolina, Raleigh, North Carolina; that the Clerk shall serve a copy of this order by mail upon the Honorable T. Wade Bruton, Attorney General of North Carolina, Raleigh, North Carolina, and the petitioner, Donald Fox.

And this cause is retained.