99 N.J. Super. 314 (1968)
239 A.2d 675
STATE OF NEW JERSEY, PLAINTIFF,
v.
CLARENCE ALLEN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 26, 1968.
*315 Mr. Nicholas E. Caprio, Assistant Prosecutor, for plaintiff (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
Mr. George L. Schneider, Assistant Deputy Public Defender, for defendant (Mr. Leonard D. Ronco, Deputy Public Defender, Essex Region).
FUSCO, J.S.C.
This matter is before me on a petition by defendant Clarence Allen for post-conviction relief pursuant to R.R. 3:10A. The petitioner was convicted of the crime of larceny in the Municipal Court of West Orange and on September 14, 1967 sentenced to serve a term of six months in the Essex County Penitentiary. He was represented by assigned counsel in that court.
In his initial petition defendant states in almost unintelligible language the facts upon which he bases his claim for relief.

*316 "1. Co-defent didnot include me.
2. Complainee didnot include me.
3. Circumstantial evidence which was beyond a believe doubt which is a violation of New Jersey State Statues."
As to these grounds, the court agrees with the State that they are the subject matter of an appeal and do not have the effect of depriving the defendant of fundamental fairness. Post-conviction relief proceedings may not be used as a substitute for an appeal. R.R. 3:10A-3; State v. Smith, 43 N.J. 67, 74 (1964).
However, defendant states a more serious ground in a supplemental petition. He asserts that the judgment of conviction should be set aside because he neither was advised by his attorney nor by the court of his right to appeal from the judgment of conviction. The gravamen of this complaint essentially, is that he was denied the effective assistance of counsel in two respects. He contends that his counsel's failure to advise him of his right to appeal deprived him of the effective representation of trial counsel and moreover, of the Sixth Amendment's right to the assistance of counsel on appeal as established by the United States Supreme Court in Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).
With respect to the propriety of the court hearing this matter on an application for post-conviction relief, the State argues that this matter is the subject matter of an appeal. R.R. 3:10A-3; State v. Smith, supra. However, in cases such as this, where a defendant claims he did not know of his right to appeal and the time for filing an appeal has expired, the State's position would forever bar the defendant from obtaining judicial relief. See R.R. 3:22-4(f) and comment 2, Proposed Revision of the Rules Governing the Courts of New Jersey 236 (1966). If this defendant is entitled to relief, the denial of such relief upon the ground urged by the State would be contrary to fundamental justice. R.R. 3:10A-5. Therefore, the court will proceed to determine the matter on its merits.
*317 The State concedes that neither counsel nor the trial court advised defendant of his right to appeal at any time during the ten-day period within which to perfect an appeal after the imposition of sentence, R.R. 1:3-1(c), and that the reason counsel failed to do so was that after considering the entire case, he determined that any of the alleged grounds for appeal were without merit. However, the State contends that our State and Federal Constitutions do not require that a defendant be informed of his right to appeal and that counsel fulfills his obligation to his client if he studies the trial record and determines there are no appealable grounds. To hold otherwise would impose an impractical task on the judiciary, for such defendant would appeal from a judgment of conviction without regard to the merit of the claim.
The point raised by petitioner is a novel one in this jurisdiction. However, there are several federal decisions dealing with the problem.
The most recent case is United States ex rel. Thurmond v. Mancusi, 275 F. Supp. 508 (E.D.N.Y. 1967), where defendant had pleaded guilty to the State's indictment and after the imposition of sentence neither his counsel nor the court advised him of his right to appeal. In a habeas corpus proceeding the United States District Court held that the failure on the part of counsel and the sentencing judge to inform defendant of his right to appeal violated the Sixth and Fourteenth Amendments. The court said:
"That petitioner was unaware of his right to appeal is highly probable. First, it is not likely that a layman would know that, after pleading guilty, an appeal would lie on the ground that the sentence imposed was excessive. Second, the trial court never informed petitioner of his right to appeal. Third, petitioner's counsel was not sure whether he had ever even seen petitioner after sentence was imposed; in any event, he testified that he did not discuss a possible appeal with him. * * *" (at p. 523)
The court continued and noted that the chances of success on appeal are not relevant to the duty to inform defendant of his right to appeal.
*318 "Were this Court to speculate, it might find that the possibilities of a successful motion or appeal were poor. But the chances of success are not relevant in this proceeding unless the questions before the state courts would have been frivolous. On this record this Court cannot say that the state courts would have considered them frivolous. Accordingly, the Court finds that the petitioner was denied his constitutional rights to representation and to appeal." (at p. 523)
The Mancusi court relied principally upon three federal cases that indicate a clearly developed judicial awareness of the need for adequate representation for criminal defendants immediately after trial. United States ex rel. Maselli v. Reincke, 261 F. Supp. 457 (D. Conn. 1966) affirmed 383 F.2d 129 (2 Cir. 1967); Wynn v. Page, 369 F.2d 930 (10 Cir. 1966), and Fox v. State of North Carolina, 266 F. Supp. 19 (E.D.N.C. 1967). In Wynn defendant knew that he had a right to appeal; however, he neither knew how to perfect such an appeal nor did he have money to afford a lawyer to prosecute an appeal. The court described the facts as follows:
"With the help of a friend, appellant retained his own counsel for trial. * * * Appellant did not see his counsel after the verdict was returned and judgment and sentence imposed. * * * No one, not even his attorney advised appellant of his right to appeal the conviction and sentence. * * * and of proper appellate procedure. * * * It appears that appellants attorney was of the opinion that no reversible error occurred during the trial and there was no discussion after the trial between counsel and appellant concerning appeal." (369 F.2d 930, at p. 932)
The court held that under such circumstances the time for filing an appeal does not commence until a defendant is advised of his rights to appeal and to the effective assistance of counsel on such an appeal. (At pp. 932-933).
In Fox petitioner had knowledge of his right to appeal but was not informed of the time period within which to file a notice of appeal with the court. Accordingly, the court held that he did not waive his right to appeal. And in Reincke the Court held that defendant did not receive the effective assistance of trial counsel when, after requesting his counsel to apply to set aside his conviction, counsel neglected to take an appeal or make other motions.
*319 In Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Supreme Court held that an indigent is entitled to the assistance of counsel on his first appeal. Although defendant there requested counsel, it appears that in this age of judicial sensitivity to fundamental fairness in criminal proceedings the Supreme Court itself would not condition the right to counsel on appeal upon a defendant's request for such assistance. Such an approach is founded upon simple logic, for the Constitution does not discriminate between those who are intelligent enough to request counsel and those who fail to do so. See United States ex rel. Maselli v. Reincke, supra, 383 F.2d, at p. 134, n, 7. In Miranda v. State of Arizona, 384 U.S. 436, 473, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the court emphasized the importance of advising all defendants, whether they appear to be intelligent or ignorant, rich or poor, of their constitutional right to the assistance of counsel from the beginning of the accusatory stage in criminal proceedings.
The same reasoning seems to compel the conclusion that both the Fourteenth and Sixth Amendments require one to be advised of his state-created right of appeal in addition to the right of counsel on an appeal. United States ex rel. Thurmond v. Mancusi, supra; Wynn v. Page, supra; Fox v. North Carolina, supra; United States ex rel. Masselli v. Reincke, supra; Wainwright v. Simpson, 360 F.2d 307 (5 Cir. 1966); Note, "Effective Assistance of Counsel For the Indigent Defendant," 78 Harv. L. Rev. 1434, 1447. Contra, United States ex rel. Bjornsen v. La Vallee, 364 2d 489 (2 Cir. 1966). A state is not required by the Constitution to provide appellate review at all. McKane v. Durston, 153 U.S. 684, 687-688, 14 S.Ct. 913, 38 L.Ed. 867 (1893). However, once a state does grant appellate review, the Constitution comes into play to protect the fairness of those procedures. Norvell v. State of Illinois, 373 U.S. 420, 423, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); Griffin v. People of State of Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Chessman v. Teets, 350 U.S. 3, 76 S.Ct. 34, *320 100 L.Ed. 4 (1955); Dowd v. United States ex rel. Cook, 340 U.S. 206, 208, 71 S.Ct. 262, 95 L.Ed. 215 (1951).
If defendants are advised of their right to counsel only after filing the notice of appeal, the right to counsel on appeal would become meaningless in cases such as the present one. Convicted persons, unaware of the right to appeal, certainly would be deprived of the assistance of counsel in an important post-trial proceeding. In effect, form would subordinate substance, for the judicial system would then discriminate between those who know of the right to appeal and the ignorant defendant. Moreover, defendants who know of the right to appeal but are ignorant of the rights to proceed in forma pauperis and to free counsel R.R. 1:2-7, may decline to prosecute an appeal because of their financial inability. Such persons would never have the opportunity to be advised of the right to free counsel to prosecute an appeal. Douglas v. California, supra. Here, the State's appellate machinery would favor the rich and discriminate against the poor in a manner repugnant to the Constitution, for "there can be no equal justice where the kind of an appeal a man enjoys depends on the amount of money he has." Douglas v. California, 372 U.S. 353, 355, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963), quoting from Griffin v. People of State of Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891 (1956).
Surely, the Constitution must protect the rights of convicted defendants immediately after trial. The period following a judgment of conviction is critical, for a defendant must determine whether to undertake any post-trial legal action. Wainwright v. Simpson, 360 F.2d 307, 310 (5 Cir. 1966); Sims v. Balkcom, 220 Ga. 7, 136 S.E.2d 766, 770 (Sup. Ct. 1964). However, counsel often do not have the opportunity to consult with convicted defendants who are withdrawn from the courtroom immediately after the imposition of sentence. Moreover, assigned counsel frequently regard their responsibility as terminating after sentencing. Sims v. Balkcom, supra. Furthermore, counsel simply may *321 neglect to inform their clients of the right to appeal. United States ex rel. Thurmond v. Mancusi, D.C., 275 F. Supp. 508, 522; Wainwright v. Simpson, supra; 8 Moore's Federal Practice § 32.01 [3] (1967).
Indeed, our Supreme Court has undertaken to protect a defendant's right to appeal after his sentencing. R.R. 1:12-9(c) provides that
"The representation of the defendant by counsel so assigned shall continue through trial and, in the event of a conviction, shall continue through sentencing and shall include advising the defendant with respect to his right to appeal and, if he desires to appeal, the preparation and filing of the notice of appeal and of an application for the assignment of counsel on appeal. * * *"
The Supreme Court's Coordinating Committee on the Revision of the Rules of Court, in its comment upon proposed Rule 3:22-4(f), which is similar to R.R. 1:12-9(c), emphasized the importance of such a rule.
"Its intent is not only to protect unrepresented defendants but also those defendants whose attorneys neglect to advise them as to their appeal rights, or who regard their responsibility as not extending beyond imposition of sentence (cf 3:28-1) or who do not have an opportunity to confer with their clients before their removal from the courtroom. Cf. Advisory Committee's Note on Fed. R. Crim. P. 32(a) (2), 18 U.S.C.A. Prompt advice as to his appeal rights is particularly important in view of R.R. 3:23-3 [R.R. 3:10A-3] (precluding an application for post-conviction relief as a substitute for appeal or motion)." (Emphasis added)
But the State argues that counsel must only advise defendants with meritorious claims of the right to appeal, for otherwise our judicial system would be confronted with an onerous volume of frivolous appeals. The possibility of inconveniencing defense counsel, assigned counsel or public defenders from overwork does not weigh too heavily on the scales of justice when compared with the possibility of unjustly depriving a convicted man of his "life, liberty or property." If the court were motivated by the State's argument, then immediately following an arrest the accused should be left in *322 jail and the keys thrown away because the judicial seams were bursting from an overload of cases.
This is not the kind of a case where a defendant is bound by the trial tactics of his assigned counsel. See, e.g., State v. Dennis, 43 N.J. 418, 428 (1964); State v. Williams, 39 N.J. 471, 489 (1963). Trial counsel's determination that the chances for a successful appeal are dim should not bar the review of a determined defendant's conviction. Neither the seriousness of the offense nor the conclusiveness of guilt can be considered with the demand that a defendant be afforded the effective assistance of counsel. Once a defendant exercises his right to appeal, his appellate counsel must be an advocate and he does not decide whether the claim will be successful as argued by the State. Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958). That task is for the courts. If counsel desires to withdraw from the case on the ground that defendant's claims are "wholy frivolous", he must follow the procedure established by the United States Supreme Court in Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel must advise the court of his determination, request permission to withdraw from the case, and submit a brief referring to anything that might possibly support an appeal. A copy of the brief must be furnished to the indigent defendant so that he may add his comments to it. Thereafter, the court determines if the claim is wholly frivolous. Ibid., at p. 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.
The court therefore holds that defendant was deprived of his right to the effective assistance of trial counsel in that he was not advised of his right to appeal and the right to counsel to prosecute an appeal. United States v. Mancusi, Wynn v. Page, Fox v. North Carolina and United States ex rel. Maselli v. Reincke, all supra. However, in remedying the injustice caused to this defendant, the court is confronted with the ten day requirement of R.R. 1:3-1(c), and R.R. 1:27B (d) providing for the enlargment of time in special situations. The mandate that a rule shall not be relaxed must not *323 be superseded lightly, But in this regard courts express a liberal attitude toward imperfect appeals by a convicted defendant, particularly when incarcerated and not having the advice or assistance of counsel. State v. Mason, 90 N.J. Super. 464, 478 (App. Div. 1966), and cases cited therein.
Therefore, consistent with this liberal attitude, the court follows the logic of Wynn v. Page, supra:
"* * * the time for filing an appeal does not commence to run until the defendant has been advised of his right to appeal and the effective assistance of counsel has been afforded, and that a convicted confined person may collaterally attack his judgment of sentence if he has not been afforded the assistance of counsel concerning his right of appeal and exercise thereof." (369 F.2d, at p. 932)
The appropriate solution to this problem and future ones in this respect is that such applications shall be considered as one for the right to file an appeal. The order to be entered in the case will be considered the notice of appeal and counsel will make application under the appropriate rules for an order designating a time and place for hearing and for assigned counsel on appeal unless the Public Defender assumes the responsibility thereof.