186 N.J. Super. 609 (1982)
453 A.2d 297
STATE OF NEW JERSEY, PLAINTIFF,
v.
ALADINO GONZALEZ, DEFENDANT.
Superior Court of New Jersey, Law Division Cumberland County.
Decided October 13, 1982.
*610 Kenneth A. Pagliughi, Prosecutor, Cumberland County, for the State (Theodore H. Ritter, Assistant Prosecutor, appearing).
*611 Rocco J. Tedesco for defendant (Zerella & Tedesco, attorneys).
KLEINER, J.S.C.
On defendant's motion for leave to appeal a municipal court conviction out of time, this court is presented with the novel issue whether the procedural and jurisdictional limitations of R. 3:23 absolutely prohibit the appeal of a conviction for driving while under the influence of intoxicating liquors (N.J.S.A. 39:4-50) some eight months after the entry of conviction. For the reasons to be discussed herein, this court concludes that when the municipal judge fails to advise a defendant so charged of his right to counsel, and defendant is otherwise unaware of his right of appeal, then an untimely appeal of such conviction will be considered nunc pro tunc, provided the defendant acts promptly upon learning of his rights and the State fails to demonstrate that its position is prejudiced by the delay.
The unique factual circumstances of the matter before the court present a compelling cause for relaxation of the rules governing appeals from judgments of conviction in courts of limited jurisdiction. See R. 1:1-2. The affidavits in support of defendant's motion establish that Aladino Gonzalez is a deaf mute of Hispanic origin. He has received no formal education, either in Puerto Rico or in the United States, in the use of sign language. Rather, he is completely dependent upon two relatives, who communicate with him through a crude form of self-created signing techniques. These relatives are also of Hispanic origin, and each has a limited educational background and minimal skills in the English language.
In July 1982 defendant was charged with a violation of N.J.S.A. 39:4-40, for driving on the revoked list. In researching the history of defendant's revoked license status, his counsel discovered that the basis for such revocation was a prior conviction for driving while under the influence of intoxicating liquors (N.J.S.A. 39:4-50), entered in the Vineland Municipal Court on December 10, 1981. A further review of the transcript of the *612 proceedings leading to that conviction revealed the following infirmities:
1. Defendant was never advised of his right to counsel. R. 3:27-2 defines the obligation of the trial judge to advise one accused of a nonindictable offense of his right to counsel, including assigned counsel where the defendant is indigent and constitutionally or otherwise entitled to the same. Although motor vehicle violations are generally not regarded as "crimes" in this State, State v. Macuk, 57 N.J. 1, 9 (1970), the charge of driving while under the influence of alcohol is considered to bear such "consequences of magnitude" as to entitle an accused to assigned counsel where warranted. State v. Ryan, 133 N.J. Super. 1 (Cty.Ct. 1975); Rodriquez v. Rosenblatt, 58 N.J. 281, 295 (1971).
2. While defendant's communication problem was obvious to the municipal judge, that judge failed to provide for the appointment of a qualified interpreter even after defendant had assumed the status of witness.[1] Rather, the municipal judge chose to solicit from the audience the assistance of an unidentified and unsworn interpreter who also had limited conversational skills in the English language.
3. No witnesses were sworn.
4. The municipal judge questioned defendant, through his "interpreter," before eliciting testimony from any witnesses for the State. Even if defendant had waived his right to counsel, it is fundamental that the State bears the burden of going forward and establishing a prima facie case of the violation charged. The courts of this State have often noted that because *613 the "prosecution for drunken driving is in the nature of a quasi-criminal proceeding, (it) must be so conducted as to respect and safeguard the basic rights normally accorded one accused of a criminal offense." State v. Ryan, supra at 4. See, also, State v. Lanish, 103 N.J. Super. 441, 443 (App.Div. 1968), aff'd o.b., 54 N.J. 93 (1969); State v. Guerrido, 60 N.J. Super. 505, 510 (App.Div. 1960); State v. McCarthy, 30 N.J. Super. 6, 9 (App.Div. 1954).
5. As an afterthought, and at the suggestion of the municipal prosecutor, the municipal judge did hear the testimony of an officer who had been summoned to the scene of defendant's arrest after said arrest. The State did not, however, produce as part of its case the police officer who observed the conduct giving cause for defendant's initial arrest.
6. Defendant was not offered the opportunity to cross-examine the State's only witness.
Confronted with a record replete with procedural deficiences, defendant's counsel promptly moved before this court for leave to appeal out of time.
The State, in response to defendant's motion, relies upon the procedural and jurisdictional limitations existing with respect to appeals from convictions in courts of limited jurisdiction. R. 3:23-2 of the Rules Governing Criminal Practice in the courts of this State provides, among other things, that a
... defendant ... aggrieved by a judgment of conviction ... entered by a court of limited jurisdiction shall appeal therefrom ... within 10 days after entry of judgment. (The) court (i.e., the Superior Court, Law Division), however, may upon a showing of good cause and the absence of prejudice, extend the time for the filing of the notice of appeal for a period not exceeding 20 days.
It is clear that even if all of the procedural requirements of R. 3:23-2 are met, a defendant may not appeal a conviction from a court of limited jurisdiction more than 30 days after the entry of judgment. Cf. State v. Newman, 36 N.J. Super. 506, 510-511 (App.Div. 1955) (interpreting rule governing appeals to the former County Court). Defendant's motion, coming as it does some eight months after the municipal court conviction he seeks to appeal, is plainly out of time and would appear to be precluded by operation of the relevant procedural provisions.
*614 This court is of a different view. Of particular significance in this regard are the cases of State v. Fletcher, 174 N.J. Super. 609, 612 (App.Div. 1980), and State v. Allen, 99 N.J. Super. 314 (Law Div. 1968).
Fletcher involved the consideration of a petition for post-conviction relief wherein petitioner sought leave to appeal, out of time, a conviction for rape and a sentence for armed robbery, each of which had been entered against him some two years prior to the date of his petition. In support thereof, he claimed that he had not been advised by the trial judge of his right to appeal or of his right to appeal as an indigent, and that accordingly the appeal he sought to prosecute should be considered as filed nunc pro tunc, notwithstanding the 45-day limitation of R. 2:4-1(a). This argument was rejected in the Law Division, the trial judge noting that it appeared that petitioner had been adequately advised of his right to appeal by trial counsel, regardless of the failure of the court to so advise him. The Appellate Division reversed, placing particular emphasis upon the provisions of R. 3:21-4(f) which requires that the trial judge inform a convicted defendant of his right to appeal at the time of sentencing. The court concluded that
... the mandatory time limit for taking appeal does not begin to run until a defendant is advised by the trial judge of his rights in accordance with R. 3:21-4(f). Since that was not done here, justice demands that defendant be permitted to appeal nunc pro tunc. [174 N.J. Super. at 614]
R. 3:21-4(f) does not apply to the courts of limited criminal jurisdiction. While it is true that in many instances the rules governing criminal practice in the Superior Court have been incorporated into the rules of procedure governing the municipal courts, the municipal court judge is not under the same obligation as a judge of the Superior Court to advise a convicted defendant of his right to appeal. See R. 7:4-6.
As noted above, the municipal court judge is, however, obligated to advise one who is accused of a nonindictable offense of his right to assigned counsel if the law and circumstances warrant the same. R. 3:27-2 further provides that where counsel is assigned, his responsibilities

*615 ... shall include advising the defendant with respect to his right to appeal and, if he desires to appeal, the preparation and filing of the notice of appeal and of an application for the assignment of counsel on appeal....
Clearly, the rules contemplate that at least with respect to that limited class of nonindictable offenses (including driving while under the influence of intoxicating liquors) in which the right of assigned counsel arises, the obligation to advise a defendant of his right of appeal is to be borne by assigned counsel. It is crucial to this distribution of responsibility that the municipal judge perform his fundamental duty of advising the accused of his right to counsel, and of assigning counsel where the law and circumstances so warrant. Where the municipal judge fails in this duty, there is no one entrusted with the responsibility of advising the accused of his right to appeal.
The importance of counsel's role in this regard was fully recognized in the case of State v. Allen, supra. Defendant therein had filed a petition for post-conviction relief from a conviction for larceny entered in the West Orange Municipal Court. As a basis for his petition he claimed that he had been denied effective assistance of counsel because his trial attorney had failed to advise him of his right to appeal. After a thorough analysis of the law, the court concluded that the failure to counsel to advise his client of the right to appeal did constitute ineffective assistance of counsel. Of greater significance to the present case is the Allen court's further conclusion that the effect of such failure of trial counsel would be a suspension of the operation of the rule governing timely appeals from the municipal courts. Not until a defendant has been advised of his right to appeal should the running of the time for filing the same commence. 99 N.J. Super. at 323.
Thus, in slightly different contexts, the courts of this State have found cause to relax the apparently rigid provisions governing the timeliness of appeals when it is demonstrated that defendant was ignorant of his right to appeal, either because of an omission of the trial judge or trial counsel. Of course, neither Fletcher nor Allen can be precedent for the grant of extraordinary relief requested by defendant's motion, as the *616 former was concerned with the untimely appeal of a conviction for an indictable offense and the latter with an appeal of a conviction of a nonindictable criminal offense (i.e., larceny). Nevertheless, this court is persuaded that the principles underlying each of those decisions may be extended to the limited class of cases arising in municipal court where a defendant is entitled to assigned counsel and the judge fails to so advise him. Ignorant of his right to appeal because of the trial judge's omission, and having thus failed to exercise that right in a timely manner, such defendant may nevertheless move before the Superior Court, Law Division, for leave to appeal nunc pro tunc if he acts expeditiously upon receiving knowledge of his rights.
The extraordinary circumstances of defendant's conviction in the Vineland Municipal Court on December 10, 1981 for driving while under the influence of intoxicating liquors are such as compel this court to relax the operation of the rules governing appeals from courts of limited jurisdiction. These circumstances, when combined with the facts that defendant moved expeditiously upon learning of his right of appeal, as well as the State's failure to demonstrate prejudice in the event that the relief requested herein is granted, warrant the granting of defendant's motion for leave to appeal nunc pro tunc.
NOTES
[1] New Jersey provides for the appointment of a qualified interpreter (listed with the Registry of Interpreters for the Deaf) when the judge of any court determines that a witness is deaf or his hearing so seriously impaired that he cannot understand the proceedings pending before the court. N.J.S.A. 2A:11-28.1. While the term "witness" is not so broad as the term "defendant," it is clear that defendant had become a witness in the proceedings before the municipal court.