**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0007-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRIAN R. AUXER,

     Defendant-Appellant.

_____

> Submitted February 7, 2024 –Decided April 1, 2024
>
> Before Judges Currier and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 11-20.
>
> Shaun Patrick Byrne, attorney for appellant.
>
> William Reynolds, Atlantic County Prosecutor, attorney for respondent (Kristen Nicole Pulkstenis, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brian R. Auxer challenges his February 1, 2016 municipal court guilty plea of a noise ordinance violation. We remand for the Law Division to conduct a de novo review of that conviction.

This matter comes to us by a lengthy and circuitous route. On August 22, 2015, defendant was charged with defiant trespass, N.J.S.A. 2C:18-3(b), at a casino bar. On February 1, 2016, he appeared in municipal court and pled guilty to a downgraded violation of a public health nuisance ordinance.

On May 4, 2020, defendant filed a direct appeal to the Law Division, asserting a right to file the appeal out of time. Defendant claimed two separate videos used as evidence against him were altered. Defendant also claimed ineffective assistance of his municipal court attorney. On August 14, 2020, a Law Division judge dismissed defendant's appeal without prejudice because it was untimely.

On January 6, 2021, defendant filed for Post Conviction Relief (PCR) in the Law Division. On March 16, 2021, a municipal court judge heard defendant's PCR via video conference.[1]

On August 31, 2021, defendant filed a notice of appeal in the Appellate Division from the August 14, 2020 Law Division order dismissing his appeal

---

[1] We have not been provided a transcript of that video conference.

2

without prejudice. On September 17, 2021, defendant filed an amended notice of appeal. On November 1, 2021, the Law Division judge issued an amended order dismissing defendant's appeal with prejudice.

On November 18, 2021, defendant amended his notice of appeal again, still challenging the August 14, 2020 Law Division order. On November 29, 2021, we granted defendant's motions to file notice of appeal as within time and for assignment of counsel.

On April 17, 2023, we denied the State's motion to supplement the appellate record with a hearsay certification concerning whether defendant had been advised of his right to appeal when he pled guilty in municipal court. We temporarily remanded the matter to the trial court for the development of the State's claim that defendant was advised of his appellate rights. We retained jurisdiction.

In accordance with our remand instructions, on May 11, 2023, the Law Division judge determined "this court [was] unable to find … [defendant] was advised of his appellate rights by his attorney or by the court at the time of his plea before [the] municipal court on 2/16/2016."

This appeal follows. Defendant contends:

3

POINT I

[THE] TRIAL COURT ERRED IN DISMISSING [DEFENDANT]'S APPEAL AS BEING OUT OF TIME, THE MUNICIPAL COURT FAILED TO INFORM [DEFENDANT] OF HIS RIGHT TO APPEAL EFFECTIVELY DENYING HIS FUNDAMENTAL RIGHTS.

POINT II

THE MUNICIPAL COURT ERRED IN DENYING [DEFENDANT]'S REQUEST TO HAVE COUNSEL APPOINTED FOR HIS [PCR] HEARING IN ABROGATION OF BOTH THE UNITED STATES CONSTITUION, THE NEW JERSEY CONSTITUTION[,] AND NEW JERSEY COURT RULE, EFFECTIVELY BARRING ORAL ARGUMENT.

POINT III

[DEFENDANT] WAS DENIED THE RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL RESULTING IN A PLEA DEAL AGAINST [DEFENDANT]'S WISHES.

In State v. Fletcher, we held:

> While R[ule] 2:4-4(a) grants to this court the power to extend the time within which an appeal may be taken "upon a showing of good cause and the absence of prejudice," it may not extend the time for a period exceeding [thirty] days and then only if the notice of appeal was in fact served and filed within the time as extended. These time limitations are both mandatory and jurisdictional. See In re Pfizer, 6 N.J. 233, 239 (1951). Nevertheless, when a trial judge does not

4

inform a defendant of his right to appeal and, if indigent, of his right to appeal as an indigent, as required by R[ule] 3:21-4[(i)], strict compliance with these time limitations so as to effectively deny defendant of his right to appeal may well create a harsh and unjust result. Consequently, we adopt the view that the mandatory time limit for taking an appeal does not begin to run until a defendant is advised by the trial judge of his rights in accordance with R[ule] 3:21-4[(i)]. Since that was not done here, justice demands that defendant be permitted to appeal nunc pro tunc.

[174 N.J. Super. 609, 614 (App. Div. 1980).]

Applying Fletcher to the matter before us, because the record does not show defendant was advised of his right to appeal and the time frame in which to exercise that right, we reverse the Law Division order dismissing defendant's appeal from his municipal court conviction as untimely. We remand for the Law Division judge to conduct a de novo review of defendant's conviction. We do not retain jurisdiction.

Reversed and remanded for further proceedings.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0007-21